UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EURAL DEBBS, SR., <br><br> Plaintiff, <br><br> v. <br><br> DIGNITY HEALTH HOSPITAL, ET AL., <br><br> Defendants. | Case No. 1:22-cv-00351-ADA-HBK <br><br> SCREENING ORDER FINDING COMPLAINT FAILS TO STATE A CLAIM AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT, STAND ON COMPLAINT, OR FILE VOLUNTARY DISMISSAL[1] <br><br> (Doc. No. 1) <br><br> TWENTY-ONE DAY DEADLINE |

This matter is before the Court for screening. *See* 28 U.S.C. § 1915(e)(2). Plaintiff, Eural Debbs, Sr., is proceeding pro se and *in forma pauperis* in this action under 42 U.S.C. §§ 1981, 1983, alleging discrimination in violation of the Fourteenth Amendment. (Doc. No. 1, "Complaint"). Upon review, the Court finds the Complaint fails to state any claim. The Court affords Plaintiff the option to file an amended complaint or voluntarily dismiss his Complaint before recommending the district court dismiss this action.

**SCREENING REQUIREMENT**

A plaintiff may bring an action under 42 U.S.C. § 1983 to remedy violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws," that were perpetrated

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983; *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-95 (1978). Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action fails to state claim or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2)(B)(ii)-(iii). However, a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Because Plaintiff is pro se, the Court liberally construes the pleading in the light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

////

## SUMMARY OF THE COMPLAINT

As Defendants, the Complaint names Dignity Health Hospital and unknown individuals identified as "John and Jane Doe Doctors and Nurses 1-10." (*Id*. at 2).  The acts giving rise to the Complaint occurred on December 28, 2021, at Dignity Health Hospital, which is located in Bakersfield, California.  (Doc. No. 1 at 2, 7).  Plaintiff alleges his "rights under 42 U.S.C. 1983 were violated" by Defendants who were employed by Dignity Health Hospital "under theory of respondeat superior." (*Id*. at 6).  Due to its brevity, the Court recites the facts as alleged in full.

> Plaintiff contends that the pendents [sic] jurisdictional claims of pendant causes of action are negligances [sic] and medical mel [sic] pratices [sic] caused by doctors and nurses at Dignity Health Hospitals third shift.
>
> John doe doctor's [sic] preached their duties to me by discriminating and deveated [sic] from normal procedures on December 28th 2021[.] Records will show the Plaintiff is allegeric [sic] to penicilin [sic]. [N]ow defendant John doe doctor did order plaintiff to be injected with penicilin [sic] by John doe nurses.

(*Id*. at 7).  For relief, Plaintiff seeks compensatory, punitive, and nominal damages.  (*Id*. at 6).

## APPLICABLE LAW AND ANALYSIS

### No State Actor

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law.  *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (citing *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)); *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).   "The 'under color of law' requirement under § 1983 is the same as the Fourteenth Amendment's 'state action' requirement." *Chudacoff* at 1149 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928 (1982)).

The Complaint suffers from procedural and substantive defects.  Generally, "[p]rivate hospitals, doctors, and nurses are not ... considered state actors amenable to suit under § 1983." *Sliwinski v. Maysent*, No. 3:18-cv-2653-CAB, 2019 WL 581720, at *4 (S.D. Cal. Feb. 13, 2019)

(citing *Briley v. California*, 564 F.2d 849, 855-56 (9th Cir. 1977)). There are no allegations from which the court can infer that the hospital, or any doctor or nurse were acting under color of state law. *See Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law")); Franklin v. Fox, 312 F.3d 423, 444-45 (9th Cir. 2002) (recognizing four tests articulated by Supreme Court in analyzing whether a private party's actions amount to state action). Although the court must liberally construe a pro se complaint, the court may not supply essential elements of the claim not pled by a plaintiff. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court finds the Complaint is facially deficient because it fails to allege any facts to support an inference that any doctor or nurse was acting under color of state law for purposes of 42 U.S.C. § 1983.

**Equal Protection Under the Fourteenth Amendment**

"No State shall…deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause requires the State to treat all similarly situated people equally." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013). There are two different ways in which a plaintiff may state an equal protection claim. A plaintiff's first option is to allege "facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class[.]" *Id.* (quoting *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)). The second way a plaintiff may state a claim is "as a 'class of one' by alleging that [the] plaintiff has 'been intentionally treated differently from others similarly situated and that there is no rational basis for the treatment[.]" *Koboyashi v. McMulling*, 2022 WL 3137958, at *23 (C.D. Cal. May 31, 2022) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). The Supreme Court has held that for equal protection purposes, race is a suspect distinction. *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976).

Similar to not alleging that any defendant was a state actor, the Complaint is devoid of any facts from which the Court to infer that Plaintiff is a member of a suspect class. *See City of New Orleans*, 427 U.S. at 303. Plaintiff neither alleges he is a member of a suspect class, nor does he allege facts from which the Court can infer that Defendants "acted with an intent or purpose to

4

1 discriminate against Plaintiff *because* of his race." *Koboyashi*, 2022 WL 3137958 at *23

2 (emphasis in original) (citing *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 1994)) (other

3 citation omitted).  Instead, Plaintiff offers a conclusory allegation that he was discriminated

4 against when Defendant, Dr. John Doe, deviated from unspecified "normal procedures" giving

5 Plaintiff penicillin despite his medical records indicating an allergy to penicillin.  Conclusory

6 allegations are not adequate to support a cause of action.  *Ivey*, 673 F.2d at 268; *Koboyashi*, 2022

7 WL 3137958, at *23 ("The conclusory allegation that individuals were biased or prejudiced

8 against Plaintiff because of his race is insufficient to support a Section 1983 claim.") (citing *Jones*

9 *v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984)).

10       Finally, to the extent that Plaintiff's attempts to attribute liability under 42 U.S.C. § 1983

11 to Dignity Health Hospital due to the actions of the doctors or nurses who treated Plaintiff,

12 "[t]here is no respondeat superior liability under section 1983." *Taylor v. List,* 880 F.2d 1040,

13 1045 (9th Cir.1989) (citations omitted).

14           **OPTIONS**

15       In order to continue the prosecution of this action, Plaintiff must take one of the following

16 three options within twenty-one days from the date of this Order.  **First Option**:  Because the

17 Court cannot determine that the filing of an amended complaint cannot cure the deficiencies

18 identified above, the Court will afford Plaintiff an opportunity to file an amended complaint if he

19 chooses.  An amended complaint supersedes (replaces) the original complaint and, thus, the

20 amended complaint must be free-standing and complete.  *See Hal Roach Studios, Inc. v. Richard*

21 *Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).  Plaintiff should use the Court's

22 approved Non-Prisoner Civil Rights Complaint Form to file his amended complaint and he must

23 title it "First Amended Complaint."  For each cause of action and each defendant, Plaintiff must

24 allege facts sufficient to show that the defendant violated his civil rights.  ***Plaintiff may not***

25 ***amend the complaint to add unrelated claims.***  **Second Option**:  Plaintiff may file a Notice

26 stating he intends to stand on his current Complaint subject to the undersigned recommending the

27 district court dismiss for the reasons stated in this Order.  **Third Option**: Because no defendant

28 has yet been served, Plaintiff may file a Notice of Voluntarily Dismissal without prejudice under

Federal Rule of Civil Procedure 41(a)(1).

Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.* fails to perform any of the three options, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action after its determination that the complaint failed to state a claim. *See* Local Rule 110; Fed. R. Civ. P. 41(b).

Accordingly, it is **ORDERED:**

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall take one of the following actions: (a) file a First Amended Complaint; (b); file a Notice that he intends to stand on the Complaint as screened subject to the undersigned recommending the district court dismiss for the reasons stated in this Order; (c) file a Notice to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41.

2. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

3. The Clerk of Court shall include a blank non-prisoner civil rights complaint form for Plaintiff's use as appropriate.

Dated:   March 14, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

6